UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERYL PICKETT<br><br>Plaintiff,<br><br>v.<br><br>BLATT, HASENMILLER, LEIBSKER & MOORE LLC and MIDLAND FUNDING LLC<br><br>Defendants. | CIVIL ACTION 1:15-cv-02205<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, CHERYL PICKETT ("Cheryl"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, BLATT, HASENMILLER, LEIBSKER & MOORE LLC ("Blatt") and MIDLAND FUNDING LLC ("Midland") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Cheryl is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to the action, Blatt was an Illinois limited liability company with its principal office located at 125 South Wacker Drive, Suite 400, Chicago, Illinois 60606 and its registered agent is Leon Moore located at 10 South LaSalle Street, Suite 2200, Chicago, Illinois 60603.

6. Blatt is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

7. At all times relevant to the action, Midland was a Delaware corporation with its principal office located at 3111 Camino Del Rio North, #1300, San Diego, California 92108 and its registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

## FACTS SUPPORTING CAUSE OF ACTION

9. Midland has been attempting to collect, from Cheryl, an alleged consumer debt in the amount of $2,103.76.

10. On April 15, 2014, Blatt, on behalf of Midland, filed a complaint in the Circuit Court of Cook County, Illinois against Cheryl. The case was captioned *Midland Funding LLC v.*

*Cheryl Pickett* case number 2014 M1 122091 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

11. Blatt filed the Collection Case at the Richard J. Daley Center Courthouse. *Id.*

12. The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

13. Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

14. Cases filed in the First Municipal District are identified by the abbreviation "M1."

15. Cheryl resides at 1860 225th Street, Sauk Village, Illinois 60411.

16. Sauk Village, Illinois is located in Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District. *Id.*

17. The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District. *Id.*

18. The Richard J. Daley Center Courthouse is 31.6 miles from Cheryl's home.

19. In contrast, the Maywood Courthouse is 14.8 miles from Cheryl's home.

20. In order for Cheryl to travel to the Maywood Courthouse from her home, she would merely have to drive on North 394 to I-80 West and park in the free parking lot at the Markham Courthouse.

21. According to Google Maps, the trip would take about 24 minutes.

22. In order for Cheryl to travel to the Richard J. Daley Center Courthouse, she must take Interstate 94 North to Chicago, locate expensive parking for his vehicle, and make her way there either on foot or via taxi.

23. According to Google Maps, this trip will take 48 minutes excluding the time spent in traffic, locating parking, and then actually making the trek to the Richard J. Daley Center Courthouse upon arrival to downtown Chicago.

24. The courthouse closest to Cheryl's home is the Markham Courthouse.

### COUNT I -- VIOLATION OF THE FDCPA AGAINST BLATT

25. Cheryl repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

27. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

28. The closest courthouse to Cheryl's home is the Markham Courthouse.

29. Blatt violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard J. Daley Center Courthouse, a location some 16.8 miles further from Cheryl's home than the Markham Courthouse.

30. Blatt sued Cheryl, on behalf of Midland, at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

31. Blatt's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, CHERYL PICKETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II -- VIOLATION OF THE FDCPA AGAINST MIDLAND

32. Cheryl repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

33. The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

34. 15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial district or similar legal entity where the consumer resides at the commencement of the action.

35. The closest courthouse to Cheryl's home is the Markham Courthouse.

36. Midland violated 15 U.S.C. §1692i(a)(2) when it directed Blatt to file the Collection Case at the Richard J. Daley Center Courthouse, a location some 16.8 miles further from Cheryl's home than the Markham Courthouse.

37. Midland directed Blatt to sue Cheryl at a remote courthouse in order to discourage her from appearing and defending the Collection Case.

38. Midland's unlawful collection activities constitute abusive forum-shopping in violation of the FDCPA.

WHEREFORE, Plaintiff, CHERYL PICKETT, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692; and

d. awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 12, 2015          Respectfully Submitted,

/s/ Charles L. Magerski
Charles L. Magerski, Esq. ARDC #6297092
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188